## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| Entergy Arkansas, LLC; Entergy Louisiana, LLC; Entergy Mississippi, LLC; Entergy New Orleans, LLC; and Entergy Texas, Inc., | ) ) ) ) | |
| Petitioners | ) ) | No. 23- 1151 |
| v. | ) ) | |
| Federal Energy Regulatory Commission, | ) ) | |
| Respondent. | ) | |

## PETITION FOR REVIEW

Pursuant to Section 313(b) of the Federal Power Act, 16 U.S.C. § 825*l*(b), Rule 15(a) of the Federal Rules of Appellate Procedure and the Circuit Rules of the United States Court of Appeals for the District of Columbia Circuit, petitioners Entergy Arkansas, LLC; Entergy Louisiana, LLC; Entergy Mississippi, LLC; Entergy New Orleans, LLC; and Entergy Texas, Inc., petition this Court for review of the following order of the Federal Energy Regulatory Commission ("FERC"), a copy of which is attached:

> *Midcontinent Independent System Operator, Inc.*, Order Addressing Arguments Raised on Rehearing, Docket No. ER22-496-002, 183 FERC ¶ 61,112 (May 18, 2023) ("May 2023 Order").

The above-captioned Petitioners are transmission-owning members of Midcontinent Independent System Operator, Inc. ("MISO"), and load serving entities in the MISO region that are participants in the MISO-administered capacity and energy markets. The FERC order with respect to which the Petitioners seek review addresses MISO's proposal to amend its Open Access Transmission, Energy, and Operating Reserves Tariff ("MISO Tariff") to institute a "minimum capacity obligation" applicable to MISO market participants that represent load-serving entities in the MISO capacity market.

Petitioners intervened in the underlying FERC proceedings on December 14, 2021. FERC issued its order on the merits on August 31, 2022. *See Midcontinent Independent System Operator, Inc.*, 180 FERC ¶ 61,142 (Aug. 31, 2022). Petitioners timely requested rehearing on September 30, 2022. That request was denied by operation of law on October 31, 2022. Petitioners timely petitioned this Court for review of FERC's August 31, 2022 order. *See* Case No. 22-1334. That case has been held in abeyance because FERC indicated it would issue another order in the underlying proceeding.

On May 18, 2023, FERC issued an order modifying the discussion in its August 31, 2022 order. Petitioners are mindful of this Court's decision in *Sierra Club v. FERC*, No. 20-1512, Slip Op. at 23 (D.C. May 26, 2023), holding that in certain circumstances, it is unnecessary for a party to file a petition for review of a

2

FERC order amending a prior order that is already under review. Petitioners, however, file this petition for review of FERC's May 2023 Order in an abundance of caution. This petition for review is timely filed within sixty (60) days of the May 2023 Order in accordance with 16 U.S.C. § 825*l*(b). This Court has subject matter jurisdiction under 16 U.S.C. § 825*l*(b). Petitioners plan to seek consolidation of this case with the related Case No. 22-1334 currently pending before this Court.

Also attached to this Petition are: (1) the Corporate Disclosure Statement required by Rule 26.1 of the Federal Rules of Appellate Procedure and Circuit Rule 26.1; and (2) a Certificate of Service, with the list of parties to the underlying proceedings.

Respectfully submitted,

/s/     Michael Griffen

_____

Michael C. Griffen
Entergy Services, LLC
101 Constitution Avenue, NW
Suite 200 East
Washington, DC 20001
(202) 530-7323
mgriffe@entergy.com

and

Marnie A. McCormick
Duggins Wren Mann & Romero, LLP
600 Congress Ave., Ste. 1900
Austin, Texas  78701
P.O. Box 1149
Austin, Texas  78767
(512) 744-9300
mmccormick@dwmrlaw.com

Attorneys for Entergy Arkansas, LLC;
Entergy Louisiana, LLC; Entergy
Mississippi, LLC; Entergy New Orleans,
LLC; and Entergy Texas, Inc.

June 14, 2023

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| Entergy Arkansas, LLC, Entergy Louisiana, LLC, Entergy Mississippi, LLC, Entergy New Orleans, LLC, Entergy Texas, Inc., | ) ) ) ) | |
| Petitioners | ) ) | No. 22-  1151 |
| v. | ) ) | |
| Federal Energy Regulatory Commission, | ) ) | |
| Respondent. | ) | |

**CORPORATE DISCLOSURE STATEMENT OF
ENTERGY ARKANSAS, LLC; ENTERGY LOUISIANA, LLC;
ENTERGY MISSISSIPPI, LLC; ENTERGY NEW ORLEANS, LLC;
AND ENTERGY TEXAS, INC.**

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 26.1 of the Circuit Rules of the United States Court of Appeals for the District of Columbia Circuit, Entergy Arkansas, LLC; Entergy Louisiana, LLC; Entergy Mississippi, LLC; Entergy New Orleans, LLC; and Entergy Texas, Inc. (the "Entergy Operating Companies"), provide the following Corporate Disclosure Statement.

The Entergy Operating Companies are utility operating subsidiaries of Entergy Corporation. Entergy Corporation is a public utility holding company organized under Delaware law and with its principal office in New Orleans, Louisiana.  Entergy Corporation owns all or a majority of the outstanding shares of

stock of the Entergy Operating Companies, and no other publicly held corporation owns 10% or more of any Entergy Operating Company's stock.

The Entergy Operating Companies are engaged in the manufacture, generation, transmission, distribution, and sale of electric energy primarily in portions of Arkansas, Louisiana, Mississippi, and Texas.

The Entergy Operating Companies are transmission-owning members of Midcontinent Independent System Operator, Inc. ("MISO"), and load serving entities in the MISO region that are participants in the MISO-administered capacity and energy markets.

Respectfully submitted,

/s/     Michael Griffen
_____

Michael C. Griffen
Entergy Services, LLC
101 Constitution Avenue, NW
Suite 200 East
Washington, DC 20001
(202) 530-7323
mgriffe@entergy.com

and

Marnie A. McCormick
Duggins Wren Mann & Romero, LLP
600 Congress Ave., Ste. 1900
Austin, Texas  78701
P.O. Box 1149
Austin, Texas  78767
(512) 744-9300
mmccormick@dwmrlaw.com

Attorneys for Entergy Arkansas, LLC;
Entergy Louisiana, LLC; Entergy
Mississippi, LLC; Entergy New Orleans,
LLC; and Entergy Texas, Inc.

June 14, 2023

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| Entergy Arkansas, LLC, Entergy Louisiana, LLC, Entergy Mississippi, LLC, Entergy New Orleans, LLC, Entergy Texas, Inc., | ) ) ) ) | |
| Petitioners | ) ) | No. 23- 1151 |
| v. | ) ) | |
| Federal Energy Regulatory Commission, | ) ) | |
| Respondent. | ) | |

## CERTIFICATE OF SERVICE

Pursuant to Rules 15(c) and 25 of the Federal Rules of Appellate Procedure  and Rules 15(a) and 25 of the Circuit Rules of the United States Court of Appeals for the District of Columbia Circuit, I hereby certify that I have this 14th day of June 2023, served by email the foregoing Petition for Review and Corporate Disclosure Statement of the Petitioners on the Solicitor of the Federal Energy Regulatory Commission ("Commission") and on all parties on the Commission's service list in the underlying proceeding in Docket No. ER22-496-002.

Upon receiving a file-stamped copy of this Petition, I will cause a paper copy of it to be mailed to the Commission's Solicitor and submitted to the Commission's Secretary through the Commission's eFiling system.

/s/     Michael Griffen

_____

Michael C. Griffen
Entergy Services, LLC
101 Constitution Avenue, NW
Suite 200 East
Washington, DC 20001
(202) 530-7323
mgriffe@entergy.com

and

Marnie A. McCormick
Duggins Wren Mann & Romero, LLP
600 Congress Ave., Ste. 1900
Austin, Texas  78701
P.O. Box 1149
Austin, Texas  78767
(512) 744-9300
mmccormick@dwmrlaw.com

Attorney for Entergy Arkansas, LLC;
Entergy Louisiana, LLC; Entergy
Mississippi, LLC; Entergy New Orleans,
LLC; and Entergy Texas, Inc.

June 14, 2023

**Federal Energy Regulatory Commission Recipients**:

| | |
|---|---|
| Hon. Kimberly D. Bose, Secretary | Robert Solomon, Solicitor |
| Federal Energy Regulatory Commission | Federal Energy Regulatory Commission |
| 888 First Street, NE | 888 First Street, NE |
| Washington, DC 20426 | Washington, DC 20426 |
| | robert.solomon@ferc.gov |

2

**<u>FERC Docket No. ER22-496 Service List Recipients</u>**:

See the attached official service list for FERC Docket No. ER22-496 maintained by the Secretary of the Federal Energy Regulatory Commission.

**FERC** Online - Web Applications of the Federal Energy Regulatory Commission



| | |
|---|---|
| FERC Online Home | |
| **About FERC Online** | |
| Log Out | |
| Edit Registration | |
| **Company Registration** | |
| eFiling | |
| eSubscription | |
| eComment | |
| Query Mailing List/Recipients by State | |
| Query Service List | |
| My Service List | |
| My Filing List | |
| eLibrary | |
| **eTariff Viewer** | |
| Help | |

Service List for ER22-496-000 Midcontinent Independent System Operator, Inc.

Contacts marked ** must be postal served

| Party | Primary Person or Counsel of Record to be Served | Other Contact to be Served |
|---|---|---|
| Alliant Energy Corporate Services, Inc. | Andrew Cardon<br>Managing Corporate Counsel<br>Alliant Energy Corporate Services, Inc.<br>200 First Street SE<br>Cedar Rapids, IOWA 52401<br>UNITED STATES<br>andrewcardon@alliantenergy.com | |
| Ameren Services Company | Matthew Tomc<br>Director and Assistant General<br>Ameren Corporation<br>1901 Chouteau Ave<br>MC 1310<br>St. Louis, MISSOURI 63040<br>UNITED STATES<br>mtomc@ameren.com | Jamie Simler<br>VP, Federal Regulatory<br>Ameren Service Company, as agent for Union Electri<br>d/b/a Ameren MS, Ameren IL Company d/b/a Amere<br>Ameren Transmission Company of IL<br>1331 PENNSYLVANIA AVE NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20004<br>JSimler@ameren.com |
| Ameren Services Company | | Denice Simpson<br>Regulatory Affairs Specialist<br>Ameren Corporation<br>1331 Pennsylvania Ave, NW<br>Suite 550 South<br>Washington, DISTRICT OF COLUMBIA 20004<br>dsimpson@ameren.com |
| American Clean Power Association | Gabriel Tabak<br>Counsel<br>American Clean Power Association<br>1501 M St NW<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>gtabak@cleanpower.org | Daniel Y Hall<br>Central Region Senior Director<br>American Clean Power Association<br>1501 M ST NW STE 900<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>dhall@cleanpower.org |
| American Electric Power Service Corporation | Jessica Cano<br>Asst. General Counsel - FERC<br>AEP Service Corporation<br>1 RIVERSIDE PLZ<br>COLUMBUS, OHIO 43215<br>UNITED STATES<br>jacano@aep.com | |
| American Municipal Power, Inc. | Lisa McAlister<br>Deputy General Counsel - FERC/<br>American Municipal Power, Inc.<br>1111 Schrock Road<br>Suite 100<br>Columbus, OHIO 43229<br>UNITED STATES<br>lmcalister@amppartners.org | Gerit F. Hull<br>Deputy General Counsel - Regul<br>American Municipal Power, Inc.<br>1111 SCHROCK RD STE 100<br>COLUMBUS, OHIO 43229<br>ghull@amppartners.org |
| American Municipal Power, Inc. | | Christopher J Norton<br>Director of Market Regulatory<br>American Municipal Power, Inc.<br>1111 Schrock Road<br>Suite 100<br>Columbus, OHIO 43229<br>cnorton@amppartners.org |
| Arkansas Electric Cooperative Corporation | Jennifer Loiacano<br>Staff Attorney<br>Arkansas Electric Cooperative Corporation<br>1 Cooperative Way<br>Little Rock, ARKANSAS 72209<br>UNITED STATES<br>jennifer.loiacano@aecc.com | |
| Arkansas Public Service Commission | Justin Craig<br>Commission Counsel<br>Arkansas Public Service Commission | Glen Ortman<br>glen.ortman@stinson.com |

|  |  |  |
|---|---|---|
|  | 1000 CENTER STREET<br>LITTLE ROCK, ARKANSAS 72201<br>UNITED STATES<br>justin.craig@arkansas.gov |  |
| Arkansas Public Service Commission |  | Keith Berry<br>38 River Ridge Circle<br>Little Rock, ARKANSAS 72227<br>berry@hendrix.edu |
| Association of Businesses Advocating Tariff Equity | Michael Pattwell<br>Attorney<br>Clark Hill PLC<br>212 East Cesar E. Chavez Avenue<br>Lansing, MICHIGAN 48906<br>UNITED STATES<br>mpattwell@clarkhill.com |  |
| Association of Businesses Advocating Tariff Equity | Omar Bustami<br>Attorney<br>Clark Hill PLC<br>1001 Pennsylvania Ave NW<br>1300<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>obustami@clarkhill.com |  |
| Big Rivers Electric Corporation | John Lilyestrom<br>Hogan Lovells LLP<br>555 Thirteenth St., NW<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>john.lilyestrom@hoganlovells.com | Marlene S Parsley<br>Director Resources and Forecas<br>Big Rivers Electric Corporation<br>710 W 2ND ST<br>OWENSBORO, KENTUCKY 42301<br>Marlene.Parsley@BigRivers.com |
| Calpine Corporation | Sarah Novosel<br>Senior VP and Managing Counsel<br>Calpine Corporation<br>717 TEXAS ST STE 1000<br>HOUSTON, TEXAS 77002<br>UNITED STATES<br>snovosel@calpine.com | Brett Kruse<br>Vice President, Market Design<br>Calpine Corporation<br>717 Texas Ave.<br>Suite 1000<br>Houston, TEXAS 77002<br>bkruse@calpine.com |
| Clean Grid Alliance | Natalie McIntire<br>Senior Advocate<br>Clean Grid Alliance<br>20 N WACKER DR STE 1600<br>NATURAL RESOURCES DEFENSE COUNCIL<br>CHICAGO, ILLINOIS 60606<br>UNITED STATES<br>nmcintire@nrdc.org |  |
| Cleco Cajun LLC | Noel Symons<br>Attorney<br>McGuireWoods LLP<br>888 16TH ST NW STE 500<br>BLACK LIVES MATTER PLAZA<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>nsymons@mcguirewoods.com | Colin Francis<br>McGuireWoods LLP<br>2001 K St NW<br>Washington, DISTRICT OF COLUMBIA 20006<br>cfrancis@mcguirewoods.com |
| Cleco Cajun LLC |  | Jill Kelone<br>Cleco Corporation<br>2030 DONAHUE FERRY RD<br>PINEVILLE, LOUISIANA 71360<br>Jill.Kelone@cleco.com |
| Cleco Corporate Holdings LLC | Noel Symons<br>Attorney<br>McGuireWoods LLP<br>888 16TH ST NW STE 500<br>BLACK LIVES MATTER PLAZA<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>nsymons@mcguirewoods.com | Colin Francis<br>McGuireWoods LLP<br>2001 K St NW<br>Washington, DISTRICT OF COLUMBIA 20006<br>cfrancis@mcguirewoods.com |
| Cleco Corporate Holdings LLC |  | Jill Kelone<br>Cleco Corporation<br>2030 DONAHUE FERRY RD<br>PINEVILLE, LOUISIANA 71360<br>Jill.Kelone@cleco.com |

| | | |
|---|---|---|
| Cleco Power LLC | Nick Symons<br>Attorney<br>McGuireWoods LLP<br>888 16TH ST NW STE 500<br>BLACK LIVES MATTER PLAZA<br>WASHINGTON, DISTRICT OF<br>COLUMBIA 20006<br>UNITED STATES<br>nsymons@mcguirewoods.com | Colin Francis<br>McGuireWoods LLP<br>2001 K St NW<br>Washington, DISTRICT OF COLUMBIA 20006<br>cfrancis@mcguirewoods.com |
| Cleco Power LLC | | Jill Kelone<br>Cleco Corporation<br>2030 DONAHUE FERRY RD<br>PINEVILLE, LOUISIANA 71360<br>Jill.Kelone@cleco.com |
| Coalition of<br>Midwest Power<br>Producers, Inc. | Scott Storms<br>Coalition of Midwest Power Pro<br>Coalition of Midwest Power Producers,<br>Inc.<br>5898 Garden Gate Way<br>Suite 300<br>Carmel, INDIANA 46033<br>UNITED STATES<br>scott.storms@compp.org | Mark J Volpe<br>mark.volpe@compp.org |
| Coalition of MISO<br>Transmission<br>Customers | Kenneth Stark<br>McNees Wallace & Nurick LLC<br>100 PINE ST<br>HARRISBURG, PENNSYLVANIA 17101<br>UNITED STATES<br>kstark@mcneeslaw.com | Kevin M Murray<br>Technical Specialist<br>McNees Wallace & Nurick LLC<br>21 East State Street<br>17th Floor<br>Columbus, OHIO 43215-4228<br>murraykm@mcneeslaw.com |
| Coalition of MISO<br>Transmission<br>Customers | | Robert A Weishaar, JR<br>McNees Wallace & Nurick LLC<br>1200 G Street, NW<br>Suite 800<br>Washington, DISTRICT OF COLUMBIA 20005<br>bweishaar@mcneeslaw.com |
| Constellation<br>Energy<br>Generation, LLC | Christopher Wilson<br>Director, Federal Regulatory A<br>Constellation Energy Generation, LLC<br>101 Constitution Ave, NW<br>Suite 400E<br>Washington, DISTRICT OF COLUMBIA<br>20001<br>UNITED STATES<br>FERCe-filings1@Constellation.com | cynthia brady<br>Assistant General Counsel<br>Exelon BSC-Legal Regulatory<br>Exelon Business Services Company<br>4300 Winfield Road<br>Warrenville, ILLINOIS 60555<br>cynthia.brady@exeloncorp.com |
| Constellation<br>Energy<br>Generation, LLC | | John R. Orr, JR<br>Vice President, Energy Policy<br>Constellation Companies<br>1221 Lamar Street, Suite 700<br>Houston, TEXAS 77010<br>John.OrrJr@Constellation.com |
| Constellation<br>Energy<br>Generation, LLC | | Jason C Barker<br>Vice President, Regulatory Aff<br>Exelon Business Services<br>931 Metfield Rd<br>Towson, MARYLAND 21286<br>Jab@vcrenewables.com |
| Consumers<br>Energy Company | Deborah Moss<br>Principal Attorney<br>1730 Rhode Island Avenue NW<br>Suite 1007<br>Washington, DISTRICT OF COLUMBIA<br>20002<br>UNITED STATES<br>deborah.moss@cmsenergy.com | Emerson Hilton<br>Assistant General Counsel<br>One Energy Plaza<br>Jackson, MICHIGAN 49201<br>emerson.hilton@cmsenergy.com |
| Cooperative<br>Energy | Matthew Rudolphi<br>Attorney<br>Thompson Coburn LLP<br>55 E MONROE ST<br>37TH FLOOR<br>CHICAGO, ILLINOIS 60603<br>UNITED STATES<br>mrudolphi@thompsoncoburn.com | Joshua E. Adrian<br>Thompson Coburn LLP<br>1909 K Street, NW<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20006<br>jadrian@thompsoncoburn.com |
| Cooperative<br>Energy | | Nathan T Bellville<br>Regulatory Affairs Specialist |

| | | |
|---|---|---|
| | | South Mississippi Electric Power Association<br>P.O. Box 15849<br>Hattiesburg, MISSISSIPPI 39404-5849<br>nbellville@cooperativeenergy.com |
| Council of the<br>City New Orleans | David Shaffer<br>Mr.<br>Dentons US LLP<br>1900 K ST NW<br>WASHINGTON, DISTRICT OF<br>COLUMBIA 20006<br>UNITED STATES<br>david.shaffer@dentons.com | |
| Council of the<br>City New Orleans | | Presley Reed, JR<br>Partner<br>Dentons US LLP<br>1900 K St. NW,<br>Washington, DISTRICT OF COLUMBIA 20006<br>presley.reedjr@dentons.com |
| Council of the<br>City New Orleans | | Cassandra Mastrostefano<br>Attorney<br>Dentons US LLP<br>1900 K St NW<br>washington, DISTRICT OF COLUMBIA 20006<br>cassandra.mastrostefano@dentons.com |
| Council of the<br>City New Orleans | | Joseph W Rogers<br>President<br>Legend Consulting Group Limited<br>6041 S SYRACUSE WAY STE 105<br>GREENWOOD VILLAGE, COLORADO 80111<br>jrogers@legendcgl.com |
| Council of the<br>City New Orleans | | Erin Spears<br>Chief of Staff, Council Utilit<br>Council of the City of New Orleans, Louisiana<br>1300 Perdido Street<br>Room 6E07<br>New Orleans, LOUISIANA 70112<br>espears@nola.gov |
| DTE Electric<br>Company | Lauren Donofrio<br>DTE Energy Company<br>215 S CASCADE ST<br>FERGUS FALLS, MINNESOTA 56537<br>UNITED STATES<br>lauren.donofrio@dteenergy.com | Adam Gamez<br>DTE Electric Company<br>1 Energy Plaza<br>Detroit, MICHIGAN 48226<br>adam.gamez@dteenergy.com |
| Duke Energy<br>Corporation | Molly Suda<br>Duke Energy Corporation<br>1301 PENNSYLVANIA AVE NW STE 200<br>WASHINGTON, DISTRICT OF<br>COLUMBIA 20004<br>UNITED STATES<br>molly.suda@duke-energy.com | |
| East Texas<br>Electric<br>Cooperative, Inc. | | Alvin Taylor<br>1301 K Street, NW, Suite 1000 West<br>Washington, DISTRICT OF COLUMBIA 20005<br>ataylor@mccarter.com |
| EDF Energy<br>Services, LLC | Jason Cox<br>Director, Regulatory Affairs<br>EDF Energy Services, LLC<br>601 Travis<br>Suite 1700<br>Houston, TEXAS 77002<br>UNITED STATES<br>jason.cox@edfenergyservices.com | Karl Ebert<br>Manager, Regulatory Reporting<br>601 TRAVIS ST STE 1700<br>HOUSTON, TEXAS 77002<br>Karl.Ebert@edfenergyservices.com |
| EDF Trading<br>North America,<br>LLC | Jason Cox<br>Director, Regulatory Affairs<br>EDF Energy Services, LLC<br>601 Travis<br>Suite 1700<br>Houston, TEXAS 77002<br>UNITED STATES<br>jason.cox@edfenergyservices.com | Karl Ebert<br>Manager, Regulatory Reporting<br>601 TRAVIS ST STE 1700<br>HOUSTON, TEXAS 77002<br>Karl.Ebert@edfenergyservices.com |
| ENERGY<br>MICHIGAN, INC. | Laura Chappelle<br>Potomac Law Group, PLLC<br>120 N. Washington Square<br>Suite 300<br>Lansing, MICHIGAN 48933 | |

| | | |
|---|---|---|
| | UNITED STATES<br>lchappelle@potomaclaw.com | |
| Entergy Arkansas, LLC | Michael Griffen<br>Entergy Services, Inc.<br>101 CONSTITUTION AVE NW STE 200E<br>WASHINGTON, DISTRICT OF<br>COLUMBIA 20001<br>UNITED STATES<br>mgriffe@entergy.com | Andrea J Weinstein, ESQ<br>VP. Federal Regulatory Affairs<br>Entergy Services, LLC<br>101 CONSTITUTION AVE NW<br>SUITE 200 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>aweinst@entergy.com |
| Entergy Louisiana, LLC | Michael Griffen<br>Entergy Services, Inc.<br>101 CONSTITUTION AVE NW STE 200E<br>WASHINGTON, DISTRICT OF<br>COLUMBIA 20001<br>UNITED STATES<br>mgriffe@entergy.com | Andrea J Weinstein, ESQ<br>VP. Federal Regulatory Affairs<br>Entergy Services, LLC<br>101 CONSTITUTION AVE NW<br>SUITE 200 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>aweinst@entergy.com |
| Entergy Mississippi, LLC | Michael Griffen<br>Entergy Services, Inc.<br>101 CONSTITUTION AVE NW STE 200E<br>WASHINGTON, DISTRICT OF<br>COLUMBIA 20001<br>UNITED STATES<br>mgriffe@entergy.com | Andrea J Weinstein, ESQ<br>VP. Federal Regulatory Affairs<br>Entergy Services, LLC<br>101 CONSTITUTION AVE NW<br>SUITE 200 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>aweinst@entergy.com |
| Entergy New Orleans, LLC | Michael Griffen<br>Entergy Services, Inc.<br>101 CONSTITUTION AVE NW STE 200E<br>WASHINGTON, DISTRICT OF<br>COLUMBIA 20001<br>UNITED STATES<br>mgriffe@entergy.com | Andrea J Weinstein, ESQ<br>VP. Federal Regulatory Affairs<br>Entergy Services, LLC<br>101 CONSTITUTION AVE NW<br>SUITE 200 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>aweinst@entergy.com |
| Entergy Services, LLC | Michael Griffen<br>Entergy Services, Inc.<br>101 CONSTITUTION AVE NW STE 200E<br>WASHINGTON, DISTRICT OF<br>COLUMBIA 20001<br>UNITED STATES<br>mgriffe@entergy.com | Andrea J Weinstein, ESQ<br>VP. Federal Regulatory Affairs<br>Entergy Services, LLC<br>101 CONSTITUTION AVE NW<br>SUITE 200 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>aweinst@entergy.com |
| Entergy Texas, Inc. | Michael Griffen<br>Entergy Services, Inc.<br>101 CONSTITUTION AVE NW STE 200E<br>WASHINGTON, DISTRICT OF<br>COLUMBIA 20001<br>UNITED STATES<br>mgriffe@entergy.com | Andrea J Weinstein, ESQ<br>VP. Federal Regulatory Affairs<br>Entergy Services, LLC<br>101 CONSTITUTION AVE NW<br>SUITE 200 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>aweinst@entergy.com |
| Fresh Energy | Michael Schowalter<br>Senior Policy Associate<br>Fresh Energy<br>408 St. Peter St.<br>Suite 350<br>Saint Paul, MINNESOTA 55102<br>UNITED STATES<br>schowalter@fresh-energy.org | Allen Gleckner<br>Fresh Energy - Senior Policy A<br>408 St. Peter Street<br>Suite 220<br>Saint Paul, MINNESOTA 55105<br>gleckner@fresh-energy.org |
| Great Lakes Utilities | Cynthia Bogorad<br>Spiegel & McDiarmid LLP<br>1875 Eye Street, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA<br>20006<br>UNITED STATES<br>cynthia.bogorad@spiegelmcd.com | Jeffrey M. Bayne<br>Attorney<br>Spiegel & McDiarmid LLP<br>Spiegel & McDiarmid LLP<br>1875 Eye St., NW, Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>jeffrey.bayne@spiegelmcd.com |
| Great Lakes Utilities | | Anree G Little<br>Associate<br>Spiegel & McDiarmid LLP<br>Spiegel & McDiarmid LLP<br>1875 Eye St NW Ste 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>Anree.little@spiegelmcd.com |
| Great Lakes Utilities | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>eService@spiegelmcd.com |
| Great Lakes Utilities | | Troy J Adams<br>tadams@mpu.org |

| | | |
|---|---|---|
| Great River Energy | Donna Stephenson<br>Associate General Counsel<br>Great River Energy<br>12300 Elm Creek Blvd N<br>Maple Grove, MINNESOTA 55369<br>UNITED STATES<br>dstephenson@grenergy.com | |
| Hoosier Energy Rural Electric Cooperative, Inc. | Barry Cohen<br>Special Counsel<br>McCarter & English LLP<br>1301 K Street, N.W.<br>Suite 1000 West<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>bcohen@mccarter.com | |
| Illinois Commerce Commission | Christine Ericson<br>Special Assistant Attorney Gen<br>Illinois Commerce Commission<br>160 N. LaSalle St.<br>Suite C-800<br>Chicago, ILLINOIS 60601<br>UNITED STATES<br>Christine.Ericson@illinois.gov | Katharine McCormick<br>Illinois Commerce Commission<br>160 N. LaSalle N925<br>Chicago, ILLINOIS 60601<br>katharine.mccormick@illinois.gov |
| Illinois Commerce Commission | | William VanderLaan<br>bill.vanderlaan@illinois.gov |
| Illinois Industrial Energy Consumers | Eric Robertson<br>Senior Partner<br>INDIVIDUAL<br>1939 Delmar Avenue<br>P. O. Box 735<br>Granite City, ILLINOIS 62040<br>UNITED STATES<br>erobertson@lrklaw.com | |
| Illinois Municipal Electric Agency | Michael Postar<br>Attorney<br>Duncan, Weinberg, Genzer & Pembroke PC<br>1667 K Street, N.W., Suite 700<br>Duncan Weinberg Genzer & Pembroke<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>mrp@dwgp.com | Linda L. Murray-Kimball<br>Legal Assistant<br>Duncan, Weinberg, Genzer & Pembroke PC<br>1667 K Street, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006-1654<br>lmk@dwgp.com |
| Illinois Municipal Electric Agency | Bhaveeta Mody<br>Duncan, Weinberg, Genzer & Pembroke PC<br>1667 K ST NW STE 700<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>bkm@dwgp.com | Troy A Fodor<br>Illinois Municipal Electric Agency<br>3400 Conifer Drive<br>Springfield, ILLINOIS 62711<br>tfodor@imea.org |
| INDIANA INDUSTRIAL GROUP | Joseph Rompala<br>Lewis & Kappes, P.C.<br>Lewis & Kappes, P.C.<br>One American Square<br>Suite 2500<br>Indianapolis, INDIANA 46282<br>UNITED STATES<br>jrompala@lewis-kappes.com | |
| Indiana Municipal Power Agency | Colten Mitchell<br>Staff Counsel<br>Indiana Municipal Power Agency<br>11610 North College Ave<br>Carmel, INDIANA 46032<br>UNITED STATES<br>coltenm@impa.com | Peter J. Prettyman<br>Sr. V.P. & General Counsel<br>Indiana Municipal Power Agency<br>11610 N COLLEGE AVE<br>CARMEL, INDIANA 46032<br>pprettyman@impa.com |
| Indiana Office of Utility Consumer Counselor | Arthur Iler<br>Deputy Consumer Counsel - Fede<br>Indiana Office of Utility Consumer Counselor<br>115 W Washington St<br>Ste 1500 South<br>Indianapolis, INDIANA 46204 | |

| | | |
|---|---|---|
| | UNITED STATES<br>ailer@oucc.in.gov | |
| Indiana Utility Regulatory Commission | Beth Heline<br>General Counsel<br>Indiana Utility Regulatory Commission<br>Suite 1500 East<br>101 West Washington Street<br>Indianapolis, INDIANA 46204<br>UNITED STATES<br>BHeline@urc.in.gov | Steve L Davies<br>Assistant General Counsel<br>Indiana Utility Regulatory Commission<br>101 W. Washington Street, Suite 1500 E<br>Indianapolis, INDIANA 46204<br>sdavies@urc.in.gov |
| Indianapolis Power and Light Company | Nicholas Grimmer<br>Director, Fuel Supply<br>Indianapolis Power & Light Company<br>One Monument Circle<br>Indianapolis, INDIANA 46204<br>UNITED STATES<br>nick.grimmer@aes.com | Matthew D Fields<br>Indianapolis Power & Light Company<br>1 MONUMENT CIR<br>INDIANAPOLIS, INDIANA 46204<br>matthew.fields@aes.com |
| Indianapolis Power and Light Company | Randall Griffin<br>Chief Regulatory Counsel<br>The AES Corporation<br>1065 WOODMAN DR<br>DAYTON, OHIO 45432<br>UNITED STATES<br>randall.griffin@aes.com | |
| Kentucky Public Service Commission | Justin McNeil<br>Executive Advisor Attorney<br>Kentucky Public Service Commission<br>211 Sower Blvd<br>Frankfort, KENTUCKY 40601<br>UNITED STATES<br>Justin.McNeil@ky.gov | John E Pinney<br>Executive Advisor<br>Kentucky Public Service Commission<br>211 Sower Blvd<br>P.O. Box 615<br>Frankfort, KENTUCKY 40602<br>jeb.pinney@ky.gov |
| Louisiana Public Service Commission | Noel Darce<br>Attorney<br>Stone Pigman Walther Wittmann L.L.C.<br>909 Poydras St. Suite 3150<br>New Orleans, LOUISIANA 70112-4042<br>UNITED STATES<br>ndarce@stonepigman.com | Kathryn H Bowman<br>Executive Counsel<br>Louisiana Public Service Commission<br>602 N 5TH ST<br>BATON ROUGE, LOUISIANA 70802<br>kathryn.bowman@la.gov |
| Louisiana Public Service Commission | | Melissa Watson<br>Deputy General Counsel<br>Louisiana Public Service Commission<br>602 North Fifth Street<br>Galvez Bldg, FL 12<br>Galvez Building, 12th Floor<br>Baton Rouge, LOUISIANA 70821-9154<br>melissa.watson@la.gov |
| Madison Gas and Electric Company | Cynthia Bogorad<br>Spiegel & McDiarmid LLP<br>1875 Eye Street, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>cynthia.bogorad@spiegelmcd.com | Jeffrey M. Bayne<br>Attorney<br>Spiegel & McDiarmid LLP<br>Spiegel & McDiarmid LLP<br>1875 Eye St., NW, Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>jeffrey.bayne@spiegelmcd.com |
| Madison Gas and Electric Company | | Anree G Little<br>Associate<br>Spiegel & McDiarmid LLP<br>Spiegel & McDiarmid LLP<br>1875 Eye St NW Ste 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>Anree.little@spiegelmcd.com |
| Madison Gas and Electric Company | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>eService@spiegelmcd.com |
| Madison Gas and Electric Company | Scott Smith<br>Vice President, Business Regul<br>Madison Gas & Electric Company<br>133 S BLAIR ST<br>PO BOX 1231<br>MADISON, WISCONSIN 53788<br>UNITED STATES<br>ssmith@mge.com | |

| | | |
|---|---|---|
| Michigan Public Service Commission | Nicholas Taylor<br>Assistant Attorney General<br>Michigan Attorney General<br>7109 W Saginaw Hwy<br>3rd floor<br>Lansing, MICHIGAN 48917<br>UNITED STATES<br>taylorn10@michigan.gov | Steven D Hughey<br>Assistant Attorney General<br>Department of Attorney General<br>7109 W. Saginaw Hwy.<br>3rd Floor<br>Lansing, MICHIGAN 48917<br>hugheys@michigan.gov |
| MidAmerican Energy Company | Kady Alexander<br>Attorney<br>MIDAMERICAN ENERGY COMPANY<br>666 GRAND AVE STE 500<br>DES MOINES, IOWA 50309<br>UNITED STATES<br>kady.alexander@midamerican.com | |
| Midcontinent Independent System Operator, Inc. | Michael Kessler<br>MISO<br>PO Box 4202<br>Carmel, INDIANA 46082<br>UNITED STATES<br>mkessler@misoenergy.org | Midwest ISO<br>Midcontinent Independent System Operator, Inc.<br>PO Box 4202<br>Carmel, INDIANA<br>misolegal@misoenergy.org |
| Midcontinent Independent System Operator, Inc. | Jim Holsclaw<br>jholsclaw@calfee.com | Julie Bunn<br>Midcontinent Independent System Operator, Inc.<br>720 CITY CENTER DR<br>CARMEL, INDIANA 46032<br>jbunn@misoenergy.org |
| Midcontinent Independent System Operator, Inc. | Matthew Barbara<br>mbarbara@calfee.com | |
| Midcontinent Independent System Operator, Inc. | Midwest ISO<br>Midcontinent Independent System Operator, Inc.<br>PO Box 4202<br>Carmel, INDIANA<br>UNITED STATES<br>misolegal@misoenergy.org | |
| Midwest Municipal Transmission Group | Cynthia Bogorad<br>Spiegel & McDiarmid LLP<br>1875 Eye Street, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>cynthia.bogorad@spiegelmcd.com | Jeffrey M. Bayne<br>Attorney<br>Spiegel & McDiarmid LLP<br>Spiegel & McDiarmid LLP<br>1875 Eye St., NW, Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>jeffrey.bayne@spiegelmcd.com |
| Midwest Municipal Transmission Group | | Anree G Little<br>Associate<br>Spiegel & McDiarmid LLP<br>Spiegel & McDiarmid LLP<br>1875 Eye St NW Ste 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>Anree.little@spiegelmcd.com |
| Midwest Municipal Transmission Group | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>eService@spiegelmcd.com |
| Midwest Municipal Transmission Group | | Robert Jagusch<br>rjagusch@mmua.org |
| Mississippi Public Service Commission | William Booth<br>Partner<br>Michael Best & Friedrich, LLP<br>1000 Maine Ave SW<br>Suite 400<br>Washington, D.C., DISTRICT OF COLUMBIA 20024<br>UNITED STATES<br>wdbooth@michaelbest.com | Roxane E Maywalt, ESQ<br>Senior Counsel<br>Michael Best & Friedrich, LLP<br>1000 MAINE AVE SW STE 400<br>WASHINGTON, DISTRICT OF COLUMBIA 20024<br>remaywalt@michaelbest.com |
| Mississippi Public Service Commission | | Katherine Collier<br>Mississippi Public Service Commission And Public Uti<br>P.O. Box 1174<br>Jackson, MISSISSIPPI 39215<br>katherine.collier@psc.ms.gov |

| | | |
|---|---|---|
| Mississippi Public Service Commission | | David C. Carr Special to the Commission for Mississippi Public Service Commission 501 N West St Jackson, MISSISSIPPI 39201 david.carr@psc.ms.gov |
| Mississippi Public Utilities Staff | William Booth Partner Michael Best & Friedrich, LLP 1000 Maine Ave SW Suite 400 Washington, D.C., DISTRICT OF COLUMBIA 20024 UNITED STATES wdbooth@michaelbest.com | Roxane E Maywalt, ESQ Senior Counsel Michael Best & Friedrich, LLP 1000 MAINE AVE SW STE 400 WASHINGTON, DISTRICT OF COLUMBIA 20024 remaywalt@michaelbest.com |
| Mississippi Public Utilities Staff | | Emily Kruger General Counsel P.O. Box 1174 Jackson, MISSISSIPPI 39215-1174 Emily.Kruger@mpus.ms.gov |
| Missouri Joint Municipal Electric Utility Commission | Cynthia Bogorad Spiegel & McDiarmid LLP 1875 Eye Street, N.W. Suite 700 Washington, DISTRICT OF COLUMBIA 20006 UNITED STATES cynthia.bogorad@spiegelmcd.com | Jeffrey M. Bayne Attorney Spiegel & McDiarmid LLP Spiegel & McDiarmid LLP 1875 Eye St., NW, Suite 700 Washington, DISTRICT OF COLUMBIA 20006 jeffrey.bayne@spiegelmcd.com |
| Missouri Joint Municipal Electric Utility Commission | | Anree G Little Associate Spiegel & McDiarmid LLP Spiegel & McDiarmid LLP 1875 Eye St NW Ste 700 Washington, DISTRICT OF COLUMBIA 20006 Anree.little@spiegelmcd.com |
| Missouri Joint Municipal Electric Utility Commission | | E Service Spiegel & McDiarmid LLP 1875 Eye St, NW Suite 700 Washington, DISTRICT OF COLUMBIA 20006 eService@spiegelmcd.com |
| Missouri Joint Municipal Electric Utility Commission | | John E Grotzinger INDIVIDUAL 1808 I-70 Drive SW Columbia, MISSOURI 65203 jgrotzinger@mpua.org |
| Missouri Joint Municipal Electric Utility Commission | | Douglas L Healy 3010 E BATTLEFIELD ST STE A SPRINGFIELD, MISSOURI 65804 doug@healylawoffices.com |
| Missouri Public Service Commission | Rodney Massman Assistant General Counsel Missouri Public Service Commission 200 Madison St. Jefferson City, MISSOURI 65101 UNITED STATES Rodney.Massman@psc.mo.gov | John D. Borgmeyer Attorney Missouri Public Service Commission PO Box 360 Jefferson City, MISSOURI 65109 john.borgmeyer@psc.mo.gov |
| Missouri Public Service Commission | | Valerie Groose 200 Madison St Jefferson City, MISSOURI 65109 valerie.groose@psc.mo.gov |
| Missouri Public Service Commission | | Shelley S Brueggemann Missouri Bar No. 52173 Missouri Public Service Commission PO Box 360 , 65102 shelley.brueggemann@psc.mo.gov |
| Missouri Public Service Commission | | Jennie Wells Paralegal Missouri Public Service Commission 200 Madison Street Jefferson City, MISSOURI 65101 jennie.wells@psc.mo.gov |
| Missouri Public Service | | Jennifer Heintz Chief Litigation Attorney |

| | | |
|---|---|---|
| Commission | | Missouri Public Service Commission<br>200 Madison St<br>PO Box 360<br>Jefferson City, MISSOURI 65102<br>jennifer.heintz@psc.mo.gov |
| Missouri Public Service Commission | | Carrie L. Bumgarner<br>PO Box NA<br>Jefferson City, 65102<br>carrie.bumgarner@psc.mo.gov |
| Missouri Public Service Commission | | Walter (Walt) Cecil<br>walt.cecil@psc.mo.gov |
| Missouri Public Service Commission | | Adam McKinnie<br>200 Madison Street<br>Columbia, MISSOURI 65102<br>adam.mckinnie@psc.mo.gov |
| Missouri Public Service Commission | | Dana Adams<br>Missouri Public Service Commission<br>200 Madison St<br>Jefferson City, MISSOURI 65101<br>dana.adams@psc.mo.gov |
| Missouri Public Service Commission | | Jan Kay Davidson<br>Utility Policy Analyst I<br>Missouri Public Service Commission<br>200 Madison St<br>Jefferson City, MISSOURI 65101<br>janette.davidson@psc.mo.gov |
| Missouri River Energy Services | Cynthia Bogorad<br>Spiegel & McDiarmid LLP<br>1875 Eye Street, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>cynthia.bogorad@spiegelmcd.com | Jeffrey M. Bayne<br>Attorney<br>Spiegel & McDiarmid LLP<br>Spiegel & McDiarmid LLP<br>1875 Eye St., NW, Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>jeffrey.bayne@spiegelmcd.com |
| Missouri River Energy Services | | Anree G Little<br>Associate<br>Spiegel & McDiarmid LLP<br>Spiegel & McDiarmid LLP<br>1875 Eye St NW Ste 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>Anree.little@spiegelmcd.com |
| Missouri River Energy Services | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>eService@spiegelmcd.com |
| Missouri River Energy Services | | Terry Wolf<br>terry.wolf@mrenergy.com |
| MTDUs | Cynthia Bogorad<br>Spiegel & McDiarmid LLP<br>1875 Eye Street, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>cynthia.bogorad@spiegelmcd.com | Jeffrey M. Bayne<br>Attorney<br>Spiegel & McDiarmid LLP<br>Spiegel & McDiarmid LLP<br>1875 Eye St., NW, Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>jeffrey.bayne@spiegelmcd.com |
| MTDUs | | Anree G Little<br>Associate<br>Spiegel & McDiarmid LLP<br>Spiegel & McDiarmid LLP<br>1875 Eye St NW Ste 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>Anree.little@spiegelmcd.com |
| MTDUs | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>eService@spiegelmcd.com |
| NATURAL RESOURCES DEFENSE COUNCIL | Elizabeth Pearlman<br>Attorney<br>NATURAL RESOURCES DEFENSE COUNCIL | |

| | | |
|---|---|---|
| | 20N WACKER DR STE 1600<br>CHICAGO, ILLINOIS 60606<br>UNITED STATES<br>tpearlman@nrdc.org | |
| NATURAL RESOURCES DEFENSE COUNCIL | Elizabeth Pearlman<br>Attorney<br>NATURAL RESOURCES DEFENSE COUNCIL<br>20 N WACKER DR STE 1600<br>CHICAGO, ILLINOIS 60606<br>UNITED STATES<br>tpearlman@nrdc.org | |
| NextEra Energy Resources, LLC | Gunnar Birgisson<br>Senior Attorney<br>NextEra Energy Resources, LLC<br>801 Pennsylvania Ave., N.W.<br>Suite 220<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>gunnar.birgisson@nee.com | |
| NRG Power Marketing LLC | Cortney Slager<br>Assistant General Counsel - Re<br>NRG Companies<br>804 Carnegie Center<br>Princeton, NEW JERSEY 08540<br>UNITED STATES<br>cortney.slager@nrg.com | Neal Fitch<br>Sr. Director, Regulatory Affai<br>NRG Energy, Inc.<br>804 CARNEGIE CTR<br>PRINCETON, NEW JERSEY 08540<br>neal.fitch@nrg.com |
| NRG Power Marketing LLC | Jennifer Hsia<br>Managing Senior Counsel<br>NRG Energy<br>910 Louisiana Street<br>Houston, TEXAS 77002<br>UNITED STATES<br>jennifer.hsia@nrg.com | |
| Organization of MISO States, Inc. | Brad Pope<br>Organization of MISO States, I<br>811 E WASHINGTON AVE STE 400<br>MADISON, WISCONSIN 53703<br>UNITED STATES<br>brad@misostates.org | Marcus Hawkins<br>Organization of MISO States, Inc.<br>811 E Washington Ave<br>Suite 400<br>Madison, WISCONSIN 53703<br>marcus@misostates.org |
| Potomac Economics, Ltd. | David Patton<br>Potomac Economics<br>9990 FAIRFAX BLVD STE 560<br>FAIRFAX, VIRGINIA 22030<br>UNITED STATES<br>dpatton@potomaceconomics.com | |
| Public Service Commission of Wisconsin | Sophia Rogers<br>Assistant General Counsel<br>PO Box NA<br>MADISON,WISCONSIN 53705-7854<br>UNITED STATES<br>sophia.rogers1@wisconsin.gov | |
| Public Utility Commission of Texas | Debra Roby<br>Partner<br>Washington Energy Law LLP<br>900 17TH ST NW STE 500-A<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>droby@washingtonenergylaw.com | Jessie Lance<br>Jessie Lance<br>Public Utility Commission of Texas<br>PO BOX 13326<br>AUSTIN, TEXAS 78711<br>jessie.lance@puc.texas.gov |
| Public Utility Commission of Texas | Alan Robbins<br>Partner<br>Washington Energy Law LLP<br>900 17TH ST NW STE 500-A<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>arobbins@washingtonenergylaw.com | |
| Shell Energy North America (U.S.), L.P. | Matthew Picardi<br>Vice President<br>Shell Energy North America (US), L.P.<br>36 Pinewood Ave.<br>Saratoga Springs, NEW YORK 12866 | |

| | | |
|---|---|---|
| | UNITED STATES<br>Matthew.Picardi@shell.com | |
| Sierra Club | Gregory Wannier<br>Associate Attorney<br>Sierra Club<br>2101 Webster St., Ste. 1300<br>Oakland, CALIFORNIA 94612<br>UNITED STATES<br>greg.wannier@sierraclub.org | |
| Sierra Club | Casey Roberts<br>Senior Attorney<br>Sierra Club<br>1536 Wynkoop St, Suite 200<br>Denver, COLORADO 80202<br>UNITED STATES<br>casey.roberts@sierraclub.org | |
| SLEMCO and<br>Concordia Elec.<br>Cooperatives | Gregg Ottinger<br>Attorney - Duncan & Allen<br>INDIVIDUAL<br>1730 Rhode Island Avenue, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA<br>20036-3115<br>UNITED STATES<br>gdo@duncanallen.com | |
| Solar Energy<br>Industries<br>Association | Melissa Alfano<br>Manager of Regulatory Affairs<br>Solar Energy Industries Association<br>1425 K Street, N.W., Suite 1000<br>Washington, DISTRICT OF COLUMBIA<br>20005<br>UNITED STATES<br>malfano@seia.org | Gizelle Wray<br>Manager of Regulatory Affairs<br>Solar Energy Industries Association<br>1425 K St NW Ste. 1000<br>Washington, DISTRICT OF COLUMBIA 20005<br>gwray@seia.org |
| Solar Energy<br>Industries<br>Association | | Sean Gallagher<br>Solar Energy Industries Association<br>1425 K St NW<br>Suite 1000<br>Washington, DISTRICT OF COLUMBIA 20005<br>sgallagher@seia.org |
| Southern Illinois<br>Power<br>Cooperative | Barry Cohen<br>Special Counsel<br>McCarter & English LLP<br>1301 K Street, N.W.<br>Suite 1000 West<br>Washington, DISTRICT OF COLUMBIA<br>20005<br>UNITED STATES<br>bcohen@mccarter.com | |
| Southern<br>Minnesota<br>Municipal Power<br>Agency | Cynthia Bogorad<br>Spiegel & McDiarmid LLP<br>1875 Eye Street, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA<br>20006<br>UNITED STATES<br>cynthia.bogorad@spiegelmcd.com | Jeffrey M. Bayne<br>Attorney<br>Spiegel & McDiarmid LLP<br>Spiegel & McDiarmid LLP<br>1875 Eye St., NW, Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>jeffrey.bayne@spiegelmcd.com |
| Southern<br>Minnesota<br>Municipal Power<br>Agency | | Anree G Little<br>Associate<br>Spiegel & McDiarmid LLP<br>Spiegel & McDiarmid LLP<br>1875 Eye St NW Ste 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>Anree.little@spiegelmcd.com |
| Southern<br>Minnesota<br>Municipal Power<br>Agency | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>eService@spiegelmcd.com |
| Southwest<br>Louisiana Electric<br>Membership<br>Corporation | Cynthia Bogorad<br>Spiegel & McDiarmid LLP<br>1875 Eye Street, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA<br>20006 | Jeffrey M. Bayne<br>Attorney<br>Spiegel & McDiarmid LLP<br>Spiegel & McDiarmid LLP<br>1875 Eye St., NW, Suite 700 |

| | | |
|---|---|---|
| | UNITED STATES<br>cynthia.bogorad@spiegelmcd.com | Washington, DISTRICT OF COLUMBIA 20006<br>jeffrey.bayne@spiegelmcd.com |
| Southwest Louisiana Electric Membership Corporation | | Anree G Little<br>Associate<br>Spiegel & McDiarmid LLP<br>Spiegel & McDiarmid LLP<br>1875 Eye St NW Ste 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>Anree.little@spiegelmcd.com |
| Southwest Louisiana Electric Membership Corporation | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>eService@spiegelmcd.com |
| Southwest Louisiana Electric Membership Corporation | | Gregg D Ottinger<br>Attorney - Duncan & Allen<br>INDIVIDUAL<br>1730 Rhode Island Avenue, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>gdo@duncanallen.com |
| Southwest Louisiana Electric Membership Corporation | | David W Sandefur<br>Prinicple Engineer / Owner<br>967 E NICHOLAS LN<br>ELLETTSVILLE, INDIANA 47429<br>dwsandefur@gmail.com |
| Sustainable FERC Project | John Moore<br>Senior Attorney<br>Sustainable FERC Project<br>2 N Riverside Plz Ste 2250<br>RTS-RETURN TO SENDER<br>Chicago, ILLINOIS 60606-2640<br>UNITED STATES<br>moore.fercproject@gmail.com | |
| Sustainable FERC Project | John Moore<br>Senior Attorney<br>30 North wacker<br>Chicago, ILLINOIS 60606<br>UNITED STATES<br>jmoore@nrdc.org | |
| Texas Industrial Energy Consumers | Katherine Coleman<br>Attorney<br>O'Melveny & Meyers LLP<br>303 Colorado St.<br>Suite 2750<br>Austin, TEXAS 78701<br>UNITED STATES<br>kcoleman@omm.com | John Hubbard<br>O'Melveny & Myers LLP<br>303 COLORADO ST STE 2750<br>AUSTIN, TEXAS 78701<br>jhubbard@omm.com |
| Texas Industrial Energy Consumers | | Kellie Balli<br>Paralegal<br>O'Melveny & Meyers LLP<br>303 COLORADO ST STE 2750<br>AUSTIN, TEXAS 78701<br>kballi@omm.com |
| The Retail Energy Supply Association | Elizabeth Whittle<br>Partner<br>Nixon Peabody LLP<br>799 9TH ST NW STE 500<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>ewhittle@nixonpeabody.com | |
| Upper Michigan Energy Resources Corporation | Conor Ward<br>Attorney<br>WEC Energy Group, Inc.<br>231 W. Michigan Street<br>A292<br>Milwaukee, WISCONSIN 53203<br>UNITED STATES<br>conor.ward@wecenergygroup.com | FERC AT WECENERGYGROUP.<br>Federal Regulatory Affairs Gro<br>WEC Energy Group<br>231 West Michigan Street<br>Milwaukee, WISCONSIN 53201<br>ferc@wecenergygroup.com |
| Upper Michigan Energy Resources Corporation | | Beth Martin<br>Project Manager<br>Wisconsin Electric<br>333 W. Everett Street |

| | | |
|---|---|---|
| | | Milwaukee, WISCONSIN 53012<br>beth.martin@we-energies.com |
| Wabash Valley<br>Power<br>Association, Inc. | Randolph Holt<br>General Counsel<br>Parr Richey LLP<br>6702 Intech Boulevard<br>Indianapolis, INDIANA 46278<br>UNITED STATES<br>r_holt@wvpa.com | **Jeremy Lee Fetty<br>Attorney<br>Parr Richey Obremskey & Morton<br>PO Box 668<br>Lebanon,INDIANA 46052-0668 |
| Wisconsin Electric<br>Power Company | Conor Ward<br>Attorney<br>WEC Energy Group, Inc.<br>231 W. Michigan Street<br>A292<br>Milwaukee, WISCONSIN 53203<br>UNITED STATES<br>conor.ward@wecenergygroup.com | FERC AT WECENERGYGROUP.<br>Federal Regulatory Affairs Gro<br>WEC Energy Group<br>231 West Michigan Street<br>Milwaukee, WISCONSIN 53201<br>ferc@wecenergygroup.com |
| Wisconsin Electric<br>Power Company | | Beth Martin<br>Project Manager<br>Wisconsin Electric<br>333 W. Everett Street<br>Milwaukee, WISCONSIN 53012<br>beth.martin@we-energies.com |
| Wisconsin Public<br>Service<br>Corporation | Conor Ward<br>Attorney<br>WEC Energy Group, Inc.<br>231 W. Michigan Street<br>A292<br>Milwaukee, WISCONSIN 53203<br>UNITED STATES<br>conor.ward@wecenergygroup.com | FERC AT WECENERGYGROUP.<br>Federal Regulatory Affairs Gro<br>WEC Energy Group<br>231 West Michigan Street<br>Milwaukee, WISCONSIN 53201<br>ferc@wecenergygroup.com |
| Wisconsin Public<br>Service<br>Corporation | | Beth Martin<br>Project Manager<br>Wisconsin Electric<br>333 W. Everett Street<br>Milwaukee, WISCONSIN 53012<br>beth.martin@we-energies.com |
| WPPI Energy | Cynthia Bogorad<br>Spiegel & McDiarmid LLP<br>1875 Eye Street, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA<br>20006<br>UNITED STATES<br>cynthia.bogorad@spiegelmcd.com | Jeffrey M. Bayne<br>Attorney<br>Spiegel & McDiarmid LLP<br>Spiegel & McDiarmid LLP<br>1875 Eye St., NW, Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>jeffrey.bayne@spiegelmcd.com |
| WPPI Energy | | Anree G Little<br>Associate<br>Spiegel & McDiarmid LLP<br>Spiegel & McDiarmid LLP<br>1875 Eye St NW Ste 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>Anree.little@spiegelmcd.com |
| WPPI Energy | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>eService@spiegelmcd.com |
| WPPI Energy | | Thomas Hanrahan<br>General Counsel<br>WPPI Energy<br>1425 Corporate Center Drive<br>Sun Prairie, WISCONSIN 53590<br>thanrahan@wppienergy.org |
| Xcel Energy<br>Services Inc. | David Pettit<br>Assistant General Counsel<br>Xcel Energy Services Inc.<br>1800 Larimer Street<br>Suite 1400<br>Denver, COLORADO 80202<br>UNITED STATES<br>david.e.pettit@xcelenergy.com | Diane Watkins<br>Manager, Federal Regulatory Af<br>Xcel Energy Services Inc.<br>1800 Larimer St<br>Suite 1200<br>Denver, COLORADO 80202<br>diane.watkins@xcelenergy.com |
| Xcel Energy<br>Services Inc. | | Kari C Hassler<br>Senior Manager, Market Operati<br>Xcel Energy Services Inc. |

1800 LARIMER ST STE 1000
DENVER, COLORADO 80202
kari.hassler@xcelenergy.com

Back to Query Service List    Back to FERCOnline

*Title 18, U.S.C. 1001 makes it a crime for any person knowingly and willingly to make to any Agency or Department of the United States*
*fictitious or fraudulent statements as to any matter within its jurisdiction.*

*FERC Online does not require the submission of personally identifiable Information (PII) (e.g. social security numbers, birthdates, and phone num*
*FERC will not be responsible for any PII submitted to FERC Online, including any accidental or inadvertent submissions of PII.*

*This site contains information collections that are subject to the Paperwork Reduction Act (PRA). Among other things, the PRA requires FERC to*
*with an estimate of the average burden of completing the information collections on this site. Comments regarding the burden estimate or any oth*
*these forms can be directed to FERC's Information Collection Branch at DataClearance@ferc.gov.*

*In addition, you are not required to respond to any collection of information unless it displays a currently valid Office of Management and Budget (*
*number. FERC provides the OMB Control Numbers of the information collections on this site at www.ferc.gov/information-collections.*

For any issues regarding FERC Online, please contact FERC Online Support or call Local: 202-502-6652 | Toll-free: 866-208-3676. Please include a c
address, telephone number, and e-mail address.

## <u>FERC Order For Which Review is Requested</u>

*Midcontinent Independent System Operator, Inc.*, Order Addressing Arguments Raised on Rehearing, Docket No. ER22-496-002, 183 FERC ¶ 61,112 (May 18, 2023)

183 FERC ¶ 61,112
UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Before Commissioners:  Willie L. Phillips, Acting Chairman;
James P. Danly, Allison Clements,
and Mark C. Christie.

Midcontinent Independent System Operator, Inc.          Docket No. ER22-496-002

ORDER ADDRESSING ARGUMENTS RAISED ON REHEARING

(Issued May 18, 2023)

1.      On August 31, 2022, the Commission issued an order[1] rejecting Midcontinent
Independent System Operator, Inc.'s (MISO) proposed revisions, under section 205 of
the Federal Power Act (FPA),[2] to its Open Access Transmission, Energy and Operating
Reserve Markets Tariff (Tariff) to require Market Participants representing Load Serving
Entities (LSE)[3] participating in MISO's Planning Resource Auction (Auction) to
implement a Minimum Capacity Obligation (MCO).  On September 30, 2022, requests
for rehearing were filed by (1) MISO and (2) Entergy Services, LLC (Entergy) and Cleco
Power (Cleco).

2.      Pursuant to *Allegheny Defense Project v. FERC*,[4] the rehearing requests filed in
this proceeding may be deemed denied by operation of law.  However, as permitted by

---

[1] *Midcontinent Indep. Sys. Operator, Inc.*, 180 FERC ¶ 61,142 (2022) (MCO Order).

[2] 16 U.S.C. § 824d.

[3] For purposes of this order, references to LSEs also refer to Market Participants representing LSEs.

[4] 964 F.3d 1 (D.C. Cir. 2020) (en banc).

section 313(a) of the FPA,[5] we are modifying the discussion in the MCO Order and continue to reach the same result in this proceeding, as discussed below.[6]

## I.    Background

3.    As described in greater detail in the MCO Order,[7] MISO's resource adequacy construct requires LSEs in each Local Resource Zone (Zone) to procure sufficient ZRCs to meet their respective Planning Reserve Margin Requirements (Reserve Requirements) for each Planning Year, so that the LSEs in each Zone meet their aggregate Reserve Requirements.  MISO proposed that the MCO require Market Participants representing LSEs to procure, either through ownership or bilateral contracts, sufficient ZRCs to meet 50% of their LSEs' total Reserve Requirements prior to the last Day of the Auction offer window.[8]

4.    MISO asserted that allowing LSEs to procure high percentages of their Reserve Requirements through the Auction introduces higher than acceptable risk that an LSE, and potentially all or a portion of MISO, will have insufficient capacity if the quantity of capacity offered into the Auction drops sharply, particularly in light of potential changes in MISO's anticipated resource mix.[9]  MISO further asserted that imposing an MCO will reduce the potential for capacity shortfalls in future Auctions because the MCO will

---

[5] 16 U.S.C. § 825*l*(a) ("Until the record in a proceeding shall have been filed in a court of appeals, as provided in subsection (b), the Commission may at any time, upon reasonable notice and in such manner as it shall deem proper, modify or set aside, in whole or in part, any finding or order made or issued by it under the provisions of this chapter.").

[6] *Allegheny Def. Project*, 964 F.3d at 16-17.  The Commission is not changing the outcome of the MCO Order.  *See Smith Lake Improvement & Stakeholders Ass'n v. FERC*, 809 F.3d 55, 56-57 (D.C. Cir. 2015).

[7] MCO Order, 180 FERC ¶ 61,142 at P 2 (describing four options for an LSE to satisfy its Reserve Requirement through the procurement of Zonal Resource Credits (ZRC)).

[8] *Id.* P 5 (also noting that this obligation will be subject to a *de minimis* exemption and that failure to satisfy the MCO will incur a non-compliance charge, which is set at 1.5 times the daily Cost of New Entry (CONE) for each deficient ZRC).

[9] *Id.* P 3; *see also id.* PP 82-83 (claiming that the MCO will encourage forward planning and thus avoid future capacity shortfalls).

incent LSEs to contract forward for at least a portion of their Reserve Requirements.[10]
However, MISO also explained that it did not propose that the MCO create incentives for
the construction of new generation.[11]

5.     MISO asserted that it had conducted a market power analysis that supports the
MISO-wide implementation of the MCO,[12] and disputed arguments raised by protestors
that MISO-wide implementation of the MCO would introduce opportunities for the
exercise of seller market power.[13]  MISO further explained that it was not currently
proposing to implement the MCO on a sub-regional basis and, prior to doing so, a market
power analysis by Potomac Economics, Ltd, which is the MISO Independent Market
Monitor (Market Monitor) would be filed at the Commission to provide stakeholders an
opportunity to review and comment on the Market Monitor's findings.[14]

6.     Entergy, among other entities, filed comments in support of the MCO proposal
asserting that the MCO is "consistent with MISO's resource adequacy construct and that
the Commission has recognized that 'MISO's [A]uction is not — and has never been —
the primary mechanism for LSEs to procure capacity.'"[15]  It supported the MCO as a
mechanism to limit the role of the Auction while still retaining an LSE's ability to
procure a significant portion of its capacity through the Auction, which Entergy claims
will help ensure reliability and reduce the risk of capacity shortfalls.[16]  Entergy also
argued that the MCO proposal is consistent with an element of Southwest Power Pool,
Inc.'s (SPP) resource adequacy construct, which includes a requirement for each LSE to
demonstrate that it owns or has bilateral contracts sufficient to meet 100% of its summer
and winter peak load plus a reserve margin, as well as a non-compliance penalty equal to

---

[10] *Id.* P 6.

[11] *Id.* P 81; *see also* MISO February 9 Answer at 6 ("MISO has not proposed the
MCO to incentivize construction of new generation.").

[12] MCO Order, 180 FERC ¶ 61,142 at P 11 (summarizing the results of that
analysis).

[13] *Id.* PP 88-89.

[14] *See id.* PP 10, 87, 90.

[15] *Id.* P 27 (quoting Entergy Comments at 11); *see also id.* P 76.

[16] *See id.* PP 28-30.

125-200% CONE.[17]  In response to concerns regarding the likelihood of increased
concentration of market share in MISO South, which could lead to Entergy becoming a
pivotal supplier,[18] Entergy stated that, if the MCO is adopted, Entergy will make any
long-term surplus capacity available to LSEs in MISO South for purchase through
bilateral contracting at each Entergy Operating Company's embedded cost-based rates,
with contracts that are first filed with the Commission for review under FPA section
205.[19]

7.      The Commission rejected the MCO proposal on August 31, 2022, finding that
MISO had not demonstrated it to be just and reasonable and not unduly discriminatory or
preferential.[20]  In particular, MISO had not demonstrated that the MCO would address or
mitigate resource adequacy concerns,[21] nor reduce the likelihood of capacity shortfalls,[22]
but would instead simply shift a portion of the supply and demand for capacity from the
Auction into the bilateral market in a given year.[23]  The Commission was not persuaded
by arguments that individual LSEs were undermining the purpose of the Auction by
relying primarily on the Auction to procure capacity and found that the proposed MCO
represented an administrative cap restricting the freedom of Market Participants to
choose how to procure capacity that may adversely affect certain Market Participants.[24]

---

[17] *Id.*; Entergy Comments at 11-12 (citing *Sw. Power Pool, Inc.*, 164 FERC ¶ 61,092
(2018) (SPP Order)).

[18] *See* MCO Order, 180 FERC ¶ 61,142 at P 57.

[19] *Id.* P 75.

[20] *Id.* P 106.

[21] *Id.* P 108 (explaining that, because "MISO's resource adequacy construct is not
a multi-year forward construct but rather the Auction is held approximately six weeks in
advance of the Planning Year, and the proposed MCO requirement deadline just precedes
the Auction . . . any capacity procured in the bilateral market to satisfy the MCO would
likely be purchased from the same resources that would have otherwise been offered into
the Auction").

[22] *Id.* P 109.

[23] *Id.* (noting also that, for the 2022/2023 Planning Year the proposed MCO
"would not have affected the Auction's outcome of a capacity shortfall in MISO North in
a manner that supported reliability").

[24] *Id.* P 110 (discussing the Auction's role to procure capacity, increase
transparency, provide a meaningful alternative to contracting for capacity bilaterally, and

8.      The Commission also found that MISO had not adequately addressed concerns regarding the MCO proposal's potential impact on market power.  First, the Commission explained that—as a general matter—the Auction, as a centralized market where capacity sellers are subject to market power mitigation, serves to discipline the bilateral capacity market and is "an important component of both MISO's resource adequacy construct and the Commission's approach to market power more broadly."[25]  In particular, the Commission noted that it had previously "cited to MISO's annual capacity auctions in relieving market-based rate sellers of the obligation to submit indicative screens when requesting market-based rate authority."[26]  Additionally, the Commission identified evidence submitted by the Market Monitor which found that expected resource retirements in MISO South in the next three years, combined with the expiration of certain bilateral agreements, will provide Entergy with 41% market share in that region. The Commission noted in the MCO Order that MISO's proposal did not address these concerns.[27]

## II.    Rehearing Requests

9.      Both rehearing requests challenge the Commission's concerns regarding the exercise of market power associated with the MCO proposal, focusing on the Commission's conclusion that MISO had not addressed such concerns relating to the expected concentration of market share in MISO South.[28]  They argue that MISO has not proposed to apply the MCO on a sub-regional basis and that any such application of the MCO on a sub-regional basis will require a further section 205 filing, after a further market study by the Market Monitor.[29]  MISO argues that the Commission failed to

---

noting that the overwhelming majority of capacity in MISO is procured through mechanisms other than the Auction); *id.* P 111 (explaining that entering into long-term bilateral agreements to procure capacity as compared to procuring capacity in the Auction each carry advantages and disadvantages).

[25] *Id.* P 112.

[26] *Id.* (citing *Refinements to Horizontal Mkt. Power Analysis for Sellers in Certain Reg'l Transmission Org. & Indep. Sys. Operator Mkts.*, Order No. 861, 168 FERC ¶ 61,040, at P 48 (2019), *order on reh'g*, Order No. 861-A, 170 FERC ¶ 61,106 (2020)).

[27] *See also id.* P 113 (acknowledging that MISO does not yet propose to implement the MCO on a sub-regional basis).

[28] MISO Rehearing Request at 6-7, 10; Entergy and Cleco Rehearing Request at 3, 10.

[29] Entergy and Cleco also assert that the record lacks evidence "that the Entergy Operating Companies have market power in MISO or will gain market power even in the

Document Accession #: 20230518-3089          Filed Date: 05/18/2023
Docket No. ER22-496-002                                                          - 6 -

consider the use of an electronic bulletin board to increase transparency, allow for monitoring and mitigation, and ensure competitive bilateral contracting.[30]  Entergy and Cleco argue that the Commission failed to consider that Entergy had committed in its pleadings to make "long-term surplus capacity" available to LSEs in MISO South for purchase through bilateral contracting, at each Entergy Operating Company's embedded cost-based rates, "as necessary" to address market power concerns.[31]  Entergy and Cleco also argue that the MCO Order is inconsistent with Commission precedent in which— they claim—the Commission approved an analogous approach proposed by SPP.[32]

10.     On rehearing, MISO argues that the MCO proposal will serve as a "guardrail" that "seeks to address last-minute capacity shortfalls in the [Auction] by requiring a minimum level of prudent, forward planning by LSEs to ensure that sufficient capacity is available to meet their needs."[33]  Entergy and Cleco argue that the MCO will, in fact, "create incentives for additional capacity to enter the MISO market"[34] and need not single-handedly resolve all issues with MISO's resource adequacy construct to be just and reasonable.[35]

### III.    **Discussion**

11.     We continue to conclude that MISO failed to carry its burden to show that the MCO proposal is just and reasonable, and on rehearing clarify that our rejection of this proposal turns on the concerns it poses regarding negative impacts on bilateral market dynamics.  Here, both of the rehearing requests focus on the Commission's reference to the expected concentration of market power in MISO South, arguing that MISO has not

---

circumstances posited by the Market Monitor in its protest."  Entergy and Cleco Rehearing Request at 10.

[30] MISO Rehearing Request at 7.

[31] Entergy and Cleco Rehearing Request at 3, 5-6, 10-11 (also acknowledging this would be accomplished through a further section 205 filing to establish those cost-based rates).

[32] *See id.* at 7-8, 10-11 (citing SPP Order, 164 FERC ¶ 61,092).

[33] MISO Rehearing Request at 5; *see also id.* at 4 (arguing allowing LSEs to rely on the Auction to procure the majority of their capacity undermines the purpose of the Auction); Entergy and Cleco Rehearing Request at 9 n.31.

[34] Entergy and Cleco Rehearing Request at 4-5.

[35] *Id.* at 8-10.

Docket No. ER22-496-002                                                    - 7 -

proposed to apply the MCO on a sub-regional basis and that any such application will require a further section 205 filing, after a further market study by the Market Monitor.[36]

12.   These arguments are unpersuasive.  The Commission's references relating to the expected market conditions in MISO South were based on MISO's proposed regional application of the MCO in the instant filing, not any potential future sub-regional application.  The Commission was cognizant that "MISO's proposal does not yet apply the MCO on a sub-regional basis" but still concluded that the MCO proposal did not adequately address market power issues.[37]

13.   To further elaborate, the Commission's reference to potential changes in market dynamics in MISO South was not separate from the Commission's finding that MISO failed to address concerns regarding the proposal's potential impact on market power. Rather, the discussion of the Market Monitor's concerns in the MCO Order, relating to expected increased market share in MISO South, was in the context of the Commission's finding that MISO's proposal would limit buyers' recourse to purchase capacity in the Auction, where all sellers are subject to market power mitigation, and undermine the important disciplining effect the Auction has on the bilateral capacity market.[38]  This disciplining effect becomes all the more important as reserve margins throughout MISO tighten.  Shifts in market dynamics, such as concentration of market share, may exacerbate these concerns.  Particularly given the tightening of reserve margins in MISO as a whole and a capacity shortfall in MISO North/Central in the 2022/23 Auction,[39] under the MCO as proposed, entities in MISO South might struggle to identify and transact with capacity sellers in bilateral markets to meet half of their Reserve Requirements and would not be able to rely on the full disciplining effect of the Auction to mitigate possible exercises of market power in bilateral capacity markets.  Moreover,

---

[36] *See* MISO Rehearing Request at 6-7; Entergy and Cleco Rehearing Request at 3, 10.

[37] *Id.* P 113.  Contrary to Entergy and Cleco's assertion, Entergy and Cleco Rehearing Request at 13, the record contains a detailed discussion of Entergy's market share in MISO South, and how that market share is likely to increase and create the conditions for the exercise of market power.  *See* Market Monitor Protest at 14-18.

[38] MCO Order, 180 FERC ¶ 61,142 at P 112 ("Were the Commission to accept the 50% limitation, it would need to revisit its analysis for resources who relied on the presence of the Auction to make the showings needed to secure market-based rate authority.").

[39] *See* Entergy April 29 Answer at 2-3; MISO May 20 Answer at 9-10.  This example is illustrative; the effects of the MCO when combined with the tightening of reserve margins are not necessarily limited to entities in MISO South.

arguments that the regional nature of the proposal alleviates market power concerns fail to recognize that MISO's proposal is applied to a capacity construct that enforces network constraints, sub-regional constraints, and Local Clearing Requirements.[40] Nothing in the rehearing requests rebuts the Commission's discussion of the importance of this disciplining effect of the Auction.[41]

14.    Entergy and Cleco also argue that the Commission "failed to acknowledge MISO's proposal to address market power issues through an on-going program of market power analysis."[42]  But the proposal on which Entergy and Cleco relies reflects that MISO did not propose an "on-going program" of market power analysis, but rather a one-off market analysis, to be created at a future date and directed toward supporting the planned sub-regional implementation of the MCO,[43] not MISO's instant MCO application. The prospect that MISO would, in the future, prepare such a one-time analysis to support a potential modification to the MCO does not resolve the existing, unaddressed concerns that are articulated above and in the MCO Order regarding MISO's current proposal to implement the MCO.

15.    We are also not persuaded that we should reach a different result based on Entergy's commitment to make "long-term surplus capacity" available to LSEs in MISO South for purchase through bilateral contracting, at "each Entergy Operating Company's embedded cost-based rates," "as necessary" to address market power concerns.[44]  First, Entergy has not provided us with (and we therefore have not accepted) any section 205 filing that would implement this commitment.[45]  We will not approve MISO's Tariff revisions implementing the MCO based on Entergy's non-binding commitments in its pleadings indicating that it intends to make a submission to attempt to resolve our concerns at a later date through section 205 filings of future bilateral contracts at cost-

---

[40] MISO, FERC Electric Tariff, Module E-1, § 69A.7 (35.0.0); *id*., § 69A.7.1 (49.0.0).

[41] *See* MCO Order, 180 FERC ¶ 61,142 at P 112.  Moreover, the rehearing requests do not address that the Commission relied on this effect as to the showings made to secure market-based rate authority.  *See id.*

[42] Entergy and Cleco Rehearing Request at 6 & n.18.

[43] *See* Transmittal at 9; Transmittal, Tab A, Proposed Tariff Section § 69A7.1A.e; MISO April 8 Deficiency Letter Response at 3-4.

[44] Entergy and Cleco Rehearing Request at 3, 5-6, 10-11.

[45] We cannot prejudge the adequacy of a proposal that is not before us, such that it is unclear whether we would be able to accept any such proposal.

Docket No. ER22-496-002                                                  - 9 -

based rates. Second, absent such a concrete proposal, Entergy's commitment is unclear. For example, Entergy has promised to make "long-term surplus capacity" available at "embedded cost-based rates" "as necessary" to address market power concerns. But we have nothing before us that clearly defines what Entergy means by "embedded cost-based rates,"[46] under what circumstances Entergy believes that transacting at cost-based rates will be "necessary" to address market power concerns, or what constitutes "long-term surplus capacity." Absent a concrete proposal before us—one that commenters can weigh in on and we can fully consider—we are not in a position to assess Entergy's conceptual proposal, or what the ramifications of that proposal would be, including whether it would help allay concerns regarding market power that stem from the MCO. Based on these considerations, Entergy's promise to raise these issues in a future proceeding does not address or resolve the market power concerns raised in this proceeding.

16.     MISO contends that the Commission failed to consider the existence of a bulletin board which could be used to increase transparency, allow for monitoring and mitigation, and ensure competitive bilateral contracting as a solution to addressing concerns over market power.[47] MISO's assertions regarding the potential use of a bulletin board are not tethered to its proposal or otherwise supported in the record. MISO has not shown there are—and has not proposed—appropriate rules for such a bulletin board to accomplish these ends. To the contrary, use of the existing electronic bulletin board continues to be voluntary, and MISO has disclaimed any knowledge of "to what extent Market Participants utilize the bulletin board or whether executed transactions are actually posted to the bulletin board."[48]

17.     Entergy and Cleco further assert that the Commission's rejection of the MCO is inconsistent with the SPP Order, which—they claim—approved analogous amendments to SPP's tariff requiring that "each LSE to demonstrate that it owns or has bilateral contracts sufficient to meet 100% of its summer and winter peak load plus a reserve

---

[46] The lack of clarity on this term is illustrative, as it may reflect that Entergy intends to submit rates that, on a fleet-wide basis, include fixed costs, such as depreciation, and a rate of return. By contrast, Auction capacity supply offers are subject to mitigation if they exceed unit-specific reference levels based on unit-specific going-forward costs.

[47] MISO Rehearing Request at 7.

[48] *See* MISO Deficiency Letter Response at 7-8; *cf.* Market Monitor Protest to Deficiency Letter Response at 4-5 (suggesting that a mandatory bulletin board, with appropriate rules, might be a "means to increase transparency and allow for an effective monitoring and mitigation framework").

margin," subject to a noncompliance penalty.[49]  But Entergy and Cleco have not shown that SPP and MISO are similarly situated so as to make the acceptance of the proposal at issue in the SPP Order persuasive to the outcome to this case.  One readily apparent distinction is that SPP does not administer a centralized capacity auction at all,[50] such that SPP takes a qualitatively different overall approach to resource adequacy than MISO.  We have recognized the importance of this distinction between the MISO and SPP markets[51] and have recognized in the MCO Order that the existence of a robust capacity Auction with market power mitigation in MISO serves an important disciplining effect on the bilateral capacity market in MISO that has formed the predicate for other Commission decisions.[52]  We thus do not find that the SPP Order is apposite to the facts of this case.

18.     Because we continue to conclude that the MCO proposal did not adequately address concerns regarding negative impacts on market dynamics, which have not been adequately addressed by the MCO proposal or the arguments on rehearing, we sustain the conclusion of the MCO Order that MISO has failed to carry its FPA section 205 burden to demonstrate that its proposal is just and reasonable.  In light of these concerns, we clarify that we are not rejecting the MCO proposal based on a conclusion that the proposal fails to accomplish MISO's stated goals.[53]  We also note that Entergy and Cleco are incorrect in asserting that the MCO Order rejected the MCO proposal based on the

---

[49] Entergy and Cleco Rehearing Request at 7-8, 11-12 (also arguing that the Commission encouraged, in this case, the potential to address market power concerns on a prospective basis, without establishing further proceedings to address market power issues).

[50] See SPP Order, 164 FERC ¶ 61,092 at P 79.

[51] See Refinements to Horizontal Mkt. Power Analysis for Sellers in Certain Reg'l Transmission Org. & Indep. Sys. Operator Markets, Order No. 861, 168 FERC ¶ 61,040 at PP 46-48, order on reh'g, Order No. 861-A, 170 FERC ¶ 61,106 (discussing the disciplining effect of MISO's annual capacity auctions, whereas "SPP market lacks a transparent market price for capacity and SPP does not review or mitigate capacity prices," in explaining why the Commission was maintaining the requirement that SPP submit screens for capacity sales).

[52] See MCO Order, 180 FERC ¶ 61,142 at P 112.

[53] See id. PP 108-11.

conclusion that it fails to comprehensively resolve all concerns with capacity procurement in the MISO region.[54]

The Commission orders:

    In response to the requests for rehearing, the MCO Order is hereby modified and the result sustained, as discussed in the body of this order.

By the Commission.  Commissioner Danly is dissenting with a separate statement attached.
Commissioner Christie is concurring with a separate statement attached.

( S E A L )

Kimberly D. Bose,
Secretary.

---

[54] *See, e.g.*, Entergy and Cleco Rehearing Request at 9-10.

UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Midcontinent Independent System Operator, Inc.          Docket No.  ER22-496-002

(Issued May 18, 2023)

DANLY, Commissioner, *dissenting*:

1.      I disagree with how this proceeding was handled and therefore I dissent from this "Order Addressing Arguments Raised on Rehearing."[1]

2.      In my statement to the underlying order rejecting Midcontinent Independent System Operator, Inc.'s (MISO) tariff revisions to implement a Minimum Capacity Obligation (MCO),[2] I concurred in the judgment and explained that, while I share my colleagues' concerns regarding the proposal's potential impact on market power, I was not persuaded by the entirety of the Commission's reasoning.[3]

3.      Specifically, I pointed out[4] that whether the Commission finds that the proposal accomplishes MISO's goals is not the standard under section 205 of the Federal Power Act (FPA).[5]  Instead, the question under FPA section 205 is *always* whether the proposal is just and reasonable.[6]  I am pleased that the Commission has retracted that basis for rejection in today's order.[7]

---

[1] *Midcontinent Indep. Sys. Operator, Inc.*, 183 FERC ¶ 61,112 (2023) (MCO Rehearing Order).

[2] *See Midcontinent Indep. Sys. Operator, Inc.*, 180 FERC ¶ 61,142 (2022) (MCO Order).

[3] *Id.* (Danly, Comm'r, concurring in the judgment at P 1).

[4] *See id.* (Danly, Comm'r, concurring in the judgment at P 1 n.1).

[5] 16 U.S.C. § 824d.

[6] MCO Order, 180 FERC ¶ 61,142 (Danly, Comm'r, concurring in the judgment at P 1 n.1).

[7] MCO Rehearing Order, 183 FERC ¶ 61,112 at P 18 ("we clarify that we are not rejecting the MCO proposal based on a conclusion that the proposal fails to accomplish

4.      I am disappointed, however, that my colleagues did not pursue a paper hearing in this proceeding.  As I explained in my separate statement to the underlying order, more information is needed regarding the possible exercise of market power.[8]  After considering the arguments on rehearing, I am even more firmly convinced that we should have sought further development of the record.

5.      Simply put, I am not persuaded by today's order. This case turns on the issue of market power.  If the Commission could have determined that there were no market power concerns on a regional basis, then we should not have rejected the proposal.  A market tariff, like any other tariff, need not be designed to our liking.  In order to pass muster under FPA section 205, it need merely be just and reasonable.  In this case, the Commission failed to sufficiently explore the market power issues raised by the litigants both initially and on rehearing.  My questions on this subject remain unanswered and I am not convinced that the Commission's determinations on rehearing are supported by the record.

6.      Today's order states that "the discussion of the Market Monitor's concerns in the MCO Order, relating to expected increased market share in MISO South, was in the context of the Commission's finding that MISO's proposal would limit buyers' recourse to purchase capacity in the Auction, where all sellers are subject to market power mitigation, and undermine the important disciplining effect the Auction has on the bilateral capacity market."[9]  But as I indicate above, it is not clear that there is a regional market power issue at all, and the Commission did not see fit to explore the matter; instead, the Commission points back to the "disciplining effect the Auction has."  Does this mean that the Commission would *never* entertain an MCO proposal in MISO?  That certainly seems to be the implication.[10]  The Commission asserts that "arguments that the

---

MISO's stated goals") (citing MCO Order, 180 FERC ¶ 61,142 at PP 108-11).

[8] MCO Order, 180 FERC ¶ 61,142 (Danly, Comm'r, concurring in the judgment at P 1).

[9] MCO Rehearing Order, 183 FERC ¶ 61,112 at P 13.

[10] *See id.* (citing MCO Order, 180 FERC ¶ 61,142 at P 112 ("Were the Commission to accept the 50% limitation, it would need to revisit its analysis for resources who relied on the presence of the Auction to make the showings needed to secure market-based rate authority.")); *id.* ("This disciplining effect becomes all the more important as reserve margins throughout MISO tighten."); *id.* ("Particularly given the tightening of reserve margins in MISO as a whole and a capacity shortfall in MISO North/Central in the 2022/23 Auction, under the MCO as proposed, entities in MISO South might struggle to identify and transact with capacity sellers in bilateral markets to meet half of their Reserve Requirements and would not be able to rely on the full

regional nature of the proposal alleviates market power concerns fail to recognize that MISO's proposal is applied to a capacity construct that enforces network constraints, sub-regional constraints, and Local Clearing Requirements."[11] One of my colleagues rightly points out that MISO may submit another filing.[12] But, as I have said before, the fact that MISO can file again, with all of the time, expense, and effort that such a successive filing would require is, at best, cold comfort.[13]

7.      As the Commission today recognizes, "Entergy . . . argued that the MCO proposal is consistent with an element of Southwest Power Pool, Inc.'s (SPP) resource adequacy construct, which includes a requirement for each LSE to demonstrate that it owns or has bilateral contracts sufficient to meet 100% of its summer and winter peak load plus a reserve margin, as well as a non-compliance penalty equal to 125-200% CONE."[14] In responding to this argument, the Commission asserts that "Entergy and Cleco have not shown that SPP and MISO are similarly situated so as to make the acceptance of the proposal at issue in the SPP Order persuasive to the outcome to this case."[15] Fair enough. Different markets, different rules. But one has to ask: What is the significance of the market differences? Do these differences mean that MISO could never establish *any* kind of minimum capacity obligation? If so, why? Though it scarcely bears repeating, under the FPA the question is not whether the Commission favors the current construct over the proposed replacement rate. Instead, we approve rates that are just and reasonable. The fact that the Commission might favor an auction over the bilateral procurement of capacity does not require the rejection of a proposed tariff revision establishing a minimum capacity obligation.

8.      The Commission is not without recourse in the face of market power. We could always apply indicative screens for market-based rate authority, just as we did in SPP to

---

disciplining effect of the Auction to mitigate possible exercises of market power in bilateral capacity markets.") (citations omitted).

[11] *Id.*

[12] *See id.* (Christie, Comm'r, concurring at P 2) ("There is nothing inherently wrong with an MCO in the MISO capacity market – which, we should remember, is voluntary – and if MISO can resolve such concerns, the outcome of a future filing should not be predetermined by our order herein.").

[13] MCO Order, 180 FERC ¶ 61,142 (Danly, Comm'r, concurring in the judgment at P 1).

[14] MCO Rehearing Order, 183 FERC ¶ 61,112 at P 6.

[15] *Id.* P 17.

Document Accession #: 20230518-3089     Filed Date: 05/18/2023

protect against the exercise of market power.  But without delving into the threshold question of whether there actually is the possibility of market power being exercised can the Commission truly be said to have engaged in reasoned decision making?


       For these reasons, I respectfully dissent.


_____

James P. Danly
Commissioner

UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Midcontinent Independent System Operator, Inc.            Docket No.  ER22-496-002

(Issued May 18, 2023)

CHRISTIE, Commissioner, *concurring*:

1.    I concur with sustaining the result of the Commission's August 31, 2022 order in Docket Nos. ER22-496-000 and ER22-496-001, which rejected MISO's Minimum Capacity Obligation (MCO) proposal.[1]  I write separately to emphasize the following.

2.    As I indicated in my concurrence to the MCO Order, I voted to reject MISO's MCO proposal only because of the potential market power concerns raised by the MISO Independent Market Monitor.[2]  There is nothing inherently wrong with an MCO in the MISO capacity market – which, we should remember, is voluntary – and if MISO can resolve such concerns, the outcome of a future filing should not be predetermined by our order herein.  Indeed, I appreciate the concerns expressed by MISO and other parties in this proceeding that an overreliance by load-serving entities (LSEs) on MISO's capacity auction may jeopardize the reliability of the MISO system.  In my prior concurrence, I emphasized the primary responsibility of the MISO states in ensuring their LSEs have adequate resources to serve consumers:

> No one disputes that the MISO capacity market has always been a purely *residual* option; it is not the primary option for an LSE to obtain the resources needed to ensure reliability. Importantly, states need to focus on their own authority to ensure adequate generating resources to serve their citizens

---

[1] *Midcontinent Indep. Sys. Operator, Inc.*, 180 FERC ¶ 61,142 (2022) (MCO Order).

[2] *Id.* (Christie, Comm'r, concurring at P 2 (citing Market Monitor Protest, Docket No. ER22-496-000, at 13-18)) (Christie Concurrence), https://www.ferc.gov/news-events/news/commissioner-christies-concurrence-miso-resource-adequacy-construct-proceedings.  I also issued this concurrence to the order accepting MISO's new seasonal resource adequacy construct.  *Midcontinent Indep. Sys. Operator, Inc.*, 180 FERC ¶ 61,141 (2022) (Christie, Comm'r, concurring), *order on reh'g*, 182 FERC ¶ 61,096 (2023).

Document Accession #: 20230518-3089     Filed Date: 05/18/2023

Docket No. ER22-496-002                                                        - 2 -

and not default to an administrative construct regulated by
FERC.[3]

For the reasons given above, I respectfully concur.


_____

Mark C. Christie
Commissioner


_____

[3] Christie Concurrence at P 4 (emphasis in original, footnotes omitted); *see also id.*
P 3.

Document Accession #: 20230518-3089    Filed Date: 05/18/2023

Document Content(s)

ER22-496-002.docx.................................................................1